IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION


TIMOTHY JAY CLARY                                                    PLAINTIFF


    v.                                    CIVIL NO. 13-5020


CAROLYN W. COLVIN,[1] Commissioner
Social Security Administration                                       DEFENDANT


### MEMORANDUM OPINION

Plaintiff, Timothy Jay Clary, brings this action pursuant to 42 U.S.C. § 405(g), seeking

judicial review of a decision of the Commissioner of the Social Security Administration

(Commissioner) denying his claims for a period of disability and disability insurance benefits

(DIB) and supplemental security income (SSI) benefits under the provisions of Titles II and XVI

of the Social Security Act (Act).  In this judicial review, the Court must determine whether there

is substantial evidence in the administrative record to support the Commissioner's decision.  See

42 U.S.C. § 405(g).

I.    **Procedural Background:**

Plaintiff protectively filed his current applications for DIB and SSI on April 16, 2010,

alleging an inability to work since January 18, 2001,[2] due to a lumbar disc bulge at L4-L5.  (Tr.

119, 123, 169).  For DIB purposes, Plaintiff maintained insured status through June 30, 2007.

---

[1] Carolyn W. Colvin, has been appointed to serve as acting Commissioner of Social Security, and is substituted as Defendant, pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure.

[2] The ALJ noted that Plaintiff's counsel indicated in a brief that Plaintiff's amended alleged onset date was September 2, 2004, due to the denial of a previous application for benefits.  (Tr. 9, 153).

AO72A
(Rev. 8/82)

(Tr. 9, 142).  An administrative hearing was held on August 8, 2011, at which Plaintiff appeared

with counsel and testified. (Tr. 23-43).

By written decision dated October 26, 2011, the ALJ found that during the relevant time

period, Plaintiff had an impairment or combination of impairments that were severe. (Tr. 11).

Specifically, the ALJ found Plaintiff had the following severe impairments: degenerative disc

disease of the lumbar spine.  However, after reviewing all of the evidence presented, the ALJ

determined that Plaintiff's impairments did not meet or equal the level of severity of any

impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No.

4.  (Tr. 12).  The ALJ found Plaintiff retained the residual functional capacity (RFC) to:

> perform medium work as defined in 20 CFR 404.1567(c) and 416.967(c).  He is
> able to occasionally lift and/or carry 50 pounds, frequently lift and/or carry 25
> pounds, stand and/or walk at least 6 hours out of an 8-hour workday, and sit at
> least 6 hours out of an 8-hour workday, all with normal breaks, occasionally
> stoop or crouch, no more than frequently climb stairs, ramps, balance, kneel, or
> crawl.

(Tr. 12).  With the help of a vocational expert, the ALJ determined Plaintiff could perform his

past relevant work as a spray painter, as well as other work as a janitor and a warehouse worker.

(Tr. 15-17).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which

denied that request on November 29, 2012.  (Tr. 1-4).  Subsequently, Plaintiff filed this action.

(Doc. 1).  This case is before the undersigned pursuant to the consent of the parties. (Doc. 10).

Both parties have filed appeal briefs, and the case is now ready for decision.  (Docs. 13, 14).

The Court has reviewed the entire transcript.  The complete set of facts and arguments

are presented in the parties' briefs, and are repeated here only to the extent necessary.

AO72A
(Rev. 8/82)

**II.     Applicable Law:**

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. Young v. Apfel, 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity. Pearsall v. Massanari, 274 F.3d 1211, 1217 (8th Cir.2001); see also 42 U.S.C. § § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3), 1382(3)(c). A Plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months.

-3-

The Commissioner's regulations require her to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing his claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given his age, education, and experience. See 20 C.F.R. §§ 404.1520, 416.920. Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of his residual functional capacity. See McCoy v. Schweiker, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C.F.R. §§ 404.1520, 416.920.

**III.    Discussion:**

Plaintiff argues the following issues on appeal: 1) the ALJ erred in failing to consider all of Plaintiff's impairments in combination; 2) the ALJ erred in the analysis and credibility findings with regard to Plaintiff's subjective complaints of pain; 3) the ALJ erred in determining Plaintiff's RFC; 4) the ALJ erred in determining Plaintiff could perform his past relevant work; and 5) the ALJ failed to fully and fairly develop the record.

**A.    Insured Status:**

In order to have insured status under the Act, an individual is required to have twenty quarters of coverage in each forty-quarter period ending with the first quarter of disability. 42 U.S.C. § 416(i)(3)(B). Plaintiff last met this requirement on June 30, 2007. Regarding Plaintiff's application for DIB, the overreaching issue in this case is the question of whether Plaintiff was disabled during the relevant time period of September 2, 2004, his amended alleged

onset date of disability, through June 30, 2007, the last date he was in insured status under Title II of the Act.

In order for Plaintiff to qualify for DIB he must prove that, on or before the expiration of his insured status he was unable to engage in substantial gainful activity due to a medically determinable physical or mental impairment which is expected to last for at least twelve months or result in death.  Basinger v. Heckler, 725 F.2d 1166, 1168 (8th Cir. 1984). Records and medical opinions from outside the insured period can only be used in "helping to elucidate a medical condition during the time for which benefits might be rewarded." Cox v. Barnhart, 471 F.3d 902, 907 (8th Cir.2006) (holding that the parties must focus their attention on claimant's condition at the time she last met insured status requirements).

### B.    Combination of Impairments:

Plaintiff argues that the ALJ erred in failing to consider all of the claimant's impairments in combination.

The ALJ stated that in determining Plaintiff's RFC, he considered "all of the claimant's impairments, including impairments that are not severe." (Tr. 11).  The ALJ further found that the Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments. (Tr. 12).  Such language demonstrates the ALJ considered the combined effect of Plaintiff's impairments.  Hajek v. Shalala, 30 F.3d 89, 92 (8th Cir. 1994).

### C.    Subjective Complaints and Credibility Analysis:

The ALJ was required to consider all the evidence relating to Plaintiff's subjective complaints including evidence presented by third parties that relates to:  (1) Plaintiff's daily activities; (2) the duration, frequency, and intensity of his pain; (3) precipitating and aggravating

AO72A
(Rev. 8/82)

factors; (4) dosage, effectiveness, and side effects of his medication; and (5) functional restrictions.  See Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984). While an ALJ may not discount a claimant's subjective complaints solely because the medical evidence fails to support them, an ALJ may discount those complaints where inconsistencies appear in the record as a whole. Id.  As the United States Court of Appeals for the Eighth Circuit observed, "Our touchstone is that [a claimant's] credibility is primarily a matter for the ALJ to decide." Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir. 2003).

After reviewing the administrative record, it is clear that the ALJ properly considered and evaluated Plaintiff's subjective complaints, including the Polaski factors.  A review of the record reveals that during the relevant time period, Plaintiff was able to help with household chores; watch his nephew when his parents went to Little Rock for doctor appointments; take care of his personal hygiene, noting he sometimes lost his balance when putting on pants and shoes; prepare simple meals; go fishing, noting a friend had taken him four times over the summer.  (Tr. 145-152).

The Court would note that while Plaintiff alleged an inability to seek treatment due to a lack of finances, the record is void of any indication that Plaintiff had been denied treatment due to the lack of funds. Murphy v. Sullivan, 953 F.3d 383, 386-87 (8th Cir. 1992) (holding that lack of evidence that plaintiff sought low-cost medical treatment from her doctor, clinics, or hospitals does not support plaintiff's contention of financial hardship).  The record revealed that Plaintiff was also able to come up with the funds to support his smoking habit.  (Tr. 289).

Therefore, although it is clear that Plaintiff suffers with some degree of limitation, he has not established that he was unable to engage in any gainful activity during the relevant time

AO72A
(Rev. 8/82)

period.    Accordingly, the Court concludes that substantial evidence supports the ALJ's

conclusion that Plaintiff's subjective complaints were not totally credible.

###### D.        RFC Assessment and Treating and Examining Medical Opinions:

RFC is the most a person can do despite that person's limitations. 20 C.F.R. §

404.1545(a)(1). It is assessed using all relevant evidence in the record. Id.  This includes medical

records, observations of treating physicians and others, and the claimant's own descriptions of

his limitations.    Guilliams v. Barnhart, 393 F.3d 798, 801 (8th Cir. 2005); Eichelberger v.

Barnhart, 390 F.3d 584, 591 (8th Cir. 2004).  Limitations resulting from symptoms such as pain

are also factored into the assessment.  20 C.F.R. § 404.1545(a)(3).  The United States Court of

Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a

medical question."  Lauer v. Apfel,  245 F.3d 700, 704 (8th Cir. 2001).  Therefore, an ALJ's

determination concerning a claimant's RFC must be supported by medical evidence that

addresses the claimant's ability to function in the workplace.  Lewis v. Barnhart, 353 F.3d 642,

646 (8th Cir. 2003).  "[T]he ALJ is [also] required to set forth specifically a claimant's

limitations and to determine how those limitations affect his RFC."  Id.

In the present case, the ALJ considered the medical assessments of non-examining

agency medical consultants, Plaintiff's subjective complaints, and his medical records when he

determined Plaintiff could perform medium work with limitations.   A review of the evidence

revealed that in July of 2005, Dr. Jeffrey E. Coe opined that Plaintiff could perform medium

level work.  (Tr. 214).  More recent records revealed that in October of 2008, Dr. Cyril A. Raben

noted Plaintiff had a normal gait and station, had pain and tenderness on palpation of the spine,

ribs and pelvis with a marked reduction in range of motion; normal sensation; and a decreased

AO72A
(Rev. 8/82)

quadriceps deep tendon reflex. (Tr. 289). In November of 2009, Dr. D. Luke Knox noted Plaintiff had a normal motor exam up to and including heel-and-toe walking without evidence of atrophy, but restricted range of motion of the lumbar spine. The ALJ noted that considerable weight was given to the May and June of 2010 opinions of Drs. Denise Greenwood and Bill F. Payne, both non-examining medical consultants, who both indicated Plaintiff could perform medium work. (Tr. 311, 319). Based on the record as a whole, the Court finds substantial evidence to support the ALJ's RFC determination for the relevant time period.

### E.    Hypothetical Question to the Vocational Expert:

After thoroughly reviewing the hearing transcript along with the entire evidence of record, the Court finds that the hypothetical the ALJ posed to the vocational expert fully set forth the impairments which the ALJ accepted as true and which were supported by the record as a whole. Goff v. Barnhart, 421 F.3d 785, 794 (8th Cir. 2005). Accordingly, the Court finds that the vocational expert's opinion constitutes substantial evidence supporting the ALJ's conclusion that during the relevant time period Plaintiff's impairments did not preclude him from performing his past relevant work as a spray painter, as well as other work as a janitor and a warehouse worker. Pickney v. Chater, 96 F.3d 294, 296 (8th Cir. 1996)(testimony from vocational expert based on properly phrased hypothetical question constitutes substantial evidence).

### F.    Fully and Fairly Develop the Record:

While an ALJ is required to develop the record fully and fairly, see Freeman v. Apfel, 208 F.3d 687, 692 (8th Cir.2000) (ALJ must order consultative examination only when it is necessary for an informed decision), the record before the ALJ contained the evidence required to make a full and informed decision regarding Plaintiff's capabilities during the relevant time

-8-

period.  See Strongson v. Barnhart, 361 F.3d 1066, 1071-72 (8th Cir.2004) (ALJ must develop record fully and fairly to ensure it includes evidence from treating physician, or at least examining physician, addressing impairments at issue).

IV.    **Conclusion:**

Accordingly, having carefully reviewed the record, the undersigned finds substantial evidence supporting the ALJ's decision denying the Plaintiff benefits, and thus the decision should be affirmed.  The undersigned further finds that the Plaintiff's Complaint should be dismissed with prejudice.

DATED this 25th day of February, 2014.


/s/ Erin L. Setser
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)